UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10282
_____


UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

                      versus

GEORGE ORELLANA,

                                    Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Texas
(3:94-CR-348-T)
_____

February 21, 1996

Before GARWOOD, EMILIO M. GARZA and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Defendant-appellant George Orellana appeals his sentence for illegal possession of social security documents and bribery of a United States official, offenses to which he had pleaded guilty.

Orellana's only contention on appeal is that the district court, in downwardly departing from the U.S.S.G. guideline range on the basis of the Government's motion under U.S.S.G. § 5K1.1 for downward departure based on Orellana's substantial assistance,

---

[*]    Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

failed to independently determine the extent of the appropriate section 5k1.1 departure but instead merely accepted the Government's recommendation that the downward departure be one guideline offense level, contrary to *United States v. Johnson*, 33 F.3d 36, 41 (5th Cir. 1994). As the Government urges, and as Orellana concedes in his brief and at oral argument, this contention was not raised below and may be reviewed only under the plain error doctrine.[1] *See United States v. Calverley*, 37 F.3d 160 (5th Cir. 1994); *United States v. Vontsteen*, 950 F.2d 1086, 1091 (5th Cir.), *cert. denied*, 112 S.Ct. 3039 (1994); *United States v. Garcia-Pillado*, 898 F.2d 36 (5th Cir. 1990).

We assume, arguendo, that the first three requirements of plain error review are met, *viz*: that there was error, that it was plain and that it to some extent affected Orellana's's substantial rights.[2] Upon finding these three elements satisfied, an appellate court has discretion to grant relief, and that discretion should be exercised favorably to the appellant "only if" the forfeited error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Calverley*, at 164. Exercising our discretion under this standard, we conclude that this is an inappropriate case in which to grant relief.

Orellana received a 24-month sentence. Calculated correctly under the guidelines, his adjusted base offense level was 18 and

---

[1]Indeed, Orellana never clearly requested the district court to grant a greater downward departure under section 5K1.1 than that recommended by the Government.

[2]Especially as to the latter two, this assumption may well be something of a stretch.

his criminal history category was I, which produced a guidelines confinement range of 27 to 33 months. The Government's section 5K1.1 motion suggested that the requested downward departure be by one offense level, which would produce an adjusted base offense level of 17, and a guideline range of 24 to 30 months. Had a two-offense level downward departure been granted, the guideline range would have been 21 to 27 months; had a three-offense level downward departure been granted, the guideline range would have been 18 to 24 months.[3] *Cf. Garcia-Pillado* at 39. There was never any dispute concerning the nature, extent or results of Orellana's substantial assistance, nor any concerning the facts relevant to the considerations listed in section 5K1.1(a).[4] The principal thrust of Orellana's sentencing presentation related to his clean record, good character and status as a hard-working, church-attending person who supported his family and was involved in the offenses as a result of severe financial pressure to pay for a serious operation that his father required and to have funds for medical expenses for his mother's heart condition, which would require surgery.[5] These are the factors—not factors properly relevant to determining the extent of departure under section 5K1.1(a)—which appear to have motivated the district court's remarks at sentencing

---

[3] The statutory maximum for the offenses was 20 years.

[4] Orellana's cooperation resulted in his sister's pleading guilty; defendants in the other three related cases pleaded guilty without regard to his cooperation. We cannot say that there is anything unreasonable or unusual about only departing one level under section 5K1.1 in these circumstances.

[5] Orellana also urged that "he has taken that first step to rehabilitation, accepting responsibility for his acts."

that "Mr. Orellana, let me assure you that you have touched my heart" and "I firmly believe that Mr. Orellana is a good person".

Exercising our discretion, we decline to grant relief as to the forfeited claim of error.  Orellana's conviction and sentence are therefore

AFFIRMED.